UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALISHA ROSARIO and LEVIE MENA,　　　　　　　　Case No.: 18 Civ.

　　　　　　　　　　　Plaintiffs,　　　　　　　　　　　COMPLAINT

　　　　　- against –

UBER TECHNOLOGIES, INC., BASSIROU SYLLA,　　　PLAINTIFF DEMANDS A
and MARIANA DELGADO,　　　　　　　　　　　　　TRIAL BY JURY

　　　　　　　　　　　Defendants.

------------------------------------------------------------X

　　　　Plaintiffs, ALISHA ROSARIO and LEVIE MENA ("plaintiffs"), by and through their attorneys, PANZAVECCHIA & ASSOCIATES, PLLC., as and for a complaint against Defendants, UBER TECHNOLOGIES, INC., BASSIROU SYLLA, and MARIANA DELGADO, sets forth and respectfully alleges upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, ALISHA ROSARIO, is an individual residing in and a citizen of the State of Florida.

2. At all times hereinafter mentioned, Plaintiff, LEVIE MENA, is an individual residing in and a citizen of the State of Florida.

3. At all times hereinafter mentioned, Defendant, UBER TECHNOLOGIES, INC, was and still is a foreign corporation headquartered in San Francisco, California. UBER TECHNOLOGIES, INC. is authorized to conduct business in the State of New York.

4. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, resides in Bronx County and is a citizen of the State of New York.

5. At all times hereinafter mentioned, Defendant, MARIANA DELGADO, resides in this District, New York County, and is a citizen of New York.

## JURISDICTION AND VENUE

6. Both Plaintiffs, ALISHA ROSARIO and LEVIE MENA, are a citizen of the State of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7. Defendants, BASSIROU SYLLA and MARIANA DELGADO, are citizens of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. The Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

9. Defendants are each subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391 as both defendants are residents of and/or are domiciled in this district and the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

10. At all times hereinafter mentioned, Plaintiffs, ALISHA ROSARIO and LEVIE MENA, on the 24th Day of August, 2016, were lawful passengers of a certain 2016 Toyota motor vehicle bearing plate number T700590C for the State of New York, for the year 2016.

11. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, on the 24th Day of August, 2016, was employed, as an agent, and/or a partner with the co-defendant, UBER TECHNOLOGIES, INC., in that, BASSIROU SYLLA, was engaged in a joint venture agreement with UBER TECHNOLOGIES, INC., whereby said parties did share in the

fees generated when the plaintiffs' ordered said vehicle for transportation on the 24th Day of August, 2016.

12. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, on the 24th Day of August, 2016, was operating his vehicle, a certain 2016 Toyota motor vehicle bearing license plate number T700590C for the State of New York, for the year of 2016, under the direction of his employer, agent, and/or partner, Defendant, UBER TECHNOLOGIES, INC.

13. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, on the 24th Day of August, 2016, was the operator of a certain 2016 Toyota motor vehicle bearing license plate number T700590C for the State of New York, for the year of 2016.

14. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, on the 24th Day of August, 2016, was the owner of a certain 2016 Toyota motor vehicle bearing license plate number T700590C for the State of New York, for the year of 2016.

15. At all times hereinafter mentioned, Defendants, UBER TECHNOLOGIES, INC. and BASSIROU SYLLA, on the 24th Day of August, 2016, maintained a certain 2016 Toyota motor vehicle bearing license plate number T700590C for the State of New York, for the year of 2016.

16. At all times hereinafter mentioned, Defendants, UBER TECHNOLOGIES INC. and BASSIROU SYLLA, on the 24th Day of August, 2016, controlled a certain 2016 Toyota motor vehicle bearing license plate number T700590C for the State of New York, for the year of 2016.

17. At all times hereinafter mentioned, Defendant, MARIANA DELGADO, on the 24th Day of August, 2016, was the operator of a certain 2011 Toyota motor vehicle bearing plate number T671193C for the State of New York, for the year 2016.

18. At all times hereinafter mentioned, Defendant, MARIANA DELGADO, on the 24th Day of August, 2016, was the owner of a certain 2011 Toyota motor vehicle bearing plate number T671193C for the State of New York, for the year 2016.

19. At all times hereinafter mentioned, Defendant, MARIANA DELGADO, on the 24th Day of August, 2016, maintained a certain 2011 Toyota motor vehicle bearing plate number T671193C for the State of New York, for the year 2016.

20. At all times hereinafter mentioned, Defendant, MARIANA DELGADO, on the 24th Day of August, 2016, controlled a certain 2011 Toyota motor vehicle bearing plate number T671193C for the State of New York, for the year 2016.

21. Plaintiffs, ALISHA ROSARIO and LEVIE MENA, on the 24th Day of August, 2016 at approximately 7:00 p.m. used the UBER application to contact a transport provider for car service from Defendant, UBER TECHNOLOGIES, INC.

22. At all times hereinafter mentioned, Defendant, BASSIROU SYLLA, on the 24th Day of August, 2016 at approximately 7:00 p.m., under the direction of the UBER application operated by UBER TECHNOLOGIES, INC., picked up the plaintiffs, ALISHA ROSARIO and LEVIE MENA, to provide car service and transport.

23. At all times hereinafter mentioned, on the 24th Day of August, 2016, Defendant, BASSIROU SYLLA, was a driver/transported provider who was operating his vehicle utilizing the UBER application which is operated by UBER TECHNOLOGIES, INC.,

and as such was an agent, employee, and/or partner of the Defendant, UBER TECHNOLOGIES, INC.

24. Upon information and belief, the plaintiffs allege at all time material to this complaint, UBER TECHNOLOGIES, INC. was the employer of Defendant, BASSIROU SYLLA, and or his partner and/or agency relationship existed between them on this 24th Day of August, 2016.

25. At all times hereinafter mentioned, 1023 Amsterdam Avenue and West 110 Street, County and State of New York, was and still is a public roadway.

26. That on the 24th Day of August, 2016, at approximately 7:00 p.m., on the intersection of 1023 Amsterdam Avenue and West 110 Street, County and State of New York, the motor vehicle owned and operated by Defendant, BASSIROU SYLLA, and under the scope of employment, partnership, and/or agency relationship with UBER TECHNOLOGIES, INC., came into contact and collided with the motor vehicle owned and operated by Defendant, MARIANA DELGADO.

27. As a result thereof, Plaintiffs, ALISHA ROSARIO and LEVIE MENA, who were passengers of said 2016 Toyota, operated and owned by BASSIROU SYLLA, under the direction and discretion of UBER TECHNOLOGIES, INC., were seriously and severely injured.

28. That the said occurrence and serious and severe injuries sustained by the Plaintiffs, ALISHA ROSARIO and LEVIE MENA, were caused through and by reason of the carelessness, recklessness and negligence of the Defendants, UBER TECHNOLOGIES, INC., BASSIROU SYLLA, and MARIANA DELGADO, in causing and permitting their said motor vehicle to be operated in a negligent manner; in failing and omitting to have

5

their said motor vehicle under proper and reasonable control; in carelessly and negligently causing and permitting their said motor vehicle to be operated over and along a public highway at a high and/or excessive rate of speed and/or at a greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing to the knowledge of the Defendants, UBER TECHNOLOGIES, INC., BASSIROU SYLLA, and MARIANA DELGADO ; in causing and permitting their said motor vehicle to be operated in a manner contrary to and in violation of the statutes, regulations, and ordinances in such cases made and provided and then and there in effect; in carelessly and negligently failing and omitting to provide and/or make proper, prompt and timely use of adequate and efficient brakes, signaling devices and steering mechanisms; in carelessly and negligently failing and omitting to keep and maintain a proper lookout and be alert; in carelessly and negligently failing and omitting to yield the right of way to another motor vehicle, then in the roadway in question; and that the Defendants, UBER TECHNOLOGIES, INC., BASSIROU SYLLA, and MARIANA DELGADO, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions to avoid said occurrence.

29. At all relevant times herein, Defendants, UBER TECHNOLOGIES, INC. and BASSIROU SYLLA, acted jointly to provide said transportation to plaintiffs.

30. At all relevant times, Defendant, UBER TECHNOLOGIES, INC., was negligent in maintaining Defendant, BASSIROU SYLLA, as a listed and approved Uber driver and did fail to properly research said driver's background and/or driving record and ability too safely transport passengers through the Uber call system in New York City.

31. At all relevant times, Defendant, UBER TECHNOLOGIES, INC. was negligent in allowing Defendant, BASSIROU SYLLA, as a listed approved Uber driver and to take calls to transport passengers on the 24th Day of August, 2016, when it knew or reasonably should have known of the dangerous driving propensities/record of Defendant, BASSIROU SYLLA, nor did it take any precautionary steps to assure Defendant, BASSIROU SYLLA, could safely transport passengers through the Uber call system throughout new York City on the 24th Day of August, 2016.

32. The said occurrence and the serious and severe injuries sustained by the Plaintiffs were caused without any negligence on the part of the Plaintiffs in any manner contributing thereto.

33. As a result of the foregoing, the Plaintiffs, ALISHA ROSARIO and LEVIE MENA, suffered serious injuries as defined in Section 5102, Subdivision (d) of the Insurance law of the State of New York.

34. As a result of the foregoing, Plaintiffs sustained an injury resulting in dismemberment and/or significant disfigurement and/or fracture and/or permanent loss of use of a body organ, member, function or system and/or a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system and/or a medically determined injury or impairment of a non-permanent nature which prevents the injured Plaintiffs from performing substantially all of the material acts which constitute such Plaintiffs' usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

35. By reason thereof, Plaintiffs, ALISHA ROSARIO and LEVIE MENA, are entitled to recover for non-economic losses as are not included within the definition of "basic economic losses" as set forth in Section 5102, Subdivision A, of the Insurance Law of the State of New York.

36. Plaintiffs are a "covered person" as defined in Article 51 of the Insurance Law of the State of New York.

37. This action falls within one or more of the exemptions set forth in Section 1602 of the CPLR.

38. By reason of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all courts lower which would otherwise have jurisdiction over this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A. That judgment be entered against defendants for special damages, compensatory damages, and punitive/exemplary damages in an amount which shall be shown to be reasonable and just by the evidence and in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs;

B. That all costs of this action be assessed against Defendants, including all reasonable attorney's fees, costs and expenses of this action;

C. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil procedure, plaintiffs demand a trial by jury of all issues properly triable by a jury in this action.

Dated: Garden City, New York
       September 4, 2018

Respectfully submitted,

PANZAVECCHIA & ASSOCIATES, PLLC.

By: _____
Mark A. Panzavecchia, Esq.
*Attorneys for Plaintiffs*
ALISHA ROSARIO and LEVIE MENA
1000 Franklin Avenue, Suite 204
Garden City, New York 11530
Phone: (516) 776-9494
Fax:    (516) 776-9406

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Case No.: 18 Civ.

ALISHA ROSARIO and LEVIE MENA,

                              Plaintiffs,

-against-

UBER TECHNOLOGIES, INC., BASSIROU SYLLA,
and MARIANA DELGADO,

                              Defendants.

## SUMMONS and VERIFIED COMPLAINT

**PANZAVECCHIA & ASSOCIATES, PLLC.**
*Attorneys for Plaintiffs*
ALISHA ROSARIO and LEVIE MENA
1000 Franklin Avenue, Suite 204
Garden City, New York 11530
Tel (516) 776-9494/Fax (516) 776-9406

Service of a copy of the within          is hereby admitted
Dated: 9/4/18

                              Attorney(s) for

**PLEASE TAKE NOTICE**

        **NOTICE OF ENTRY**
That the within is a (certified) true copy of an ORDER entered in the office of the Clerk of the within named court on

        **NOTICE OF SETTLEMENT**
That the ORDER of which the within is a true copy will be presented for settlement to the Hon.          One of the judges of the within named court, at the courthouse located at          New York, on          , 2018 at 10:00 a.m.

Dated: Garden City, New York
      September 4, 2018
                                PANZAVECCHIA & ASSOC., PLLC.
                                1000 Franklin Ave., Suite 204
                                Garden City, New York 11530
                                Tel (516) 776-9494